### THOMAS F. HAM, ADMR., v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. RULE AS TO NEGLIGENCE OF EMPLOYE IN WALKING ON RAILROAD TRACK.

Whether a section man, having been directed by his foreman to proceed to a certain point, was guilty of negligence in walking upon the railroad track in going from one point to another to perform the duties required of him, depends upon the duty in which he is engaged, the distance he had to go, the immediate presence of the foreman under whom he was working, the rules and customs in force as to the foreman keeping watch for and giving warning to the workmen of the approach of trains, the practice of trackmen to walk upon the track in like cases, and other circumstances bearing upon the question of prudence; and the question is for the jury to determine.

2. EMPLOYE ENTITLED TO CARE OF FOREMAN.

A distinction exists in the degree of care required of a workman under the immediate supervision of a foreman and one bound to care and watch for himself. So a workman in the immediate presence of his superior, but a few rods away and under his supervision and care, may be exonerated from a charge of contributory negligence if he occupies momentarily a place of danger, though not absolutely required to do so by the work in hand, if he proceeds in the customary manner, under the eye of his foreman and without caution from or disapproval of the foreman.

3. EVIDENCE OF NEGLIGENCE OF FOREMAN IN FAILING TO WARN EMPLOYE.

Evidence of a custom among trackmen at work under a foreman to depend upon the latter to warn them of approaching trains in time to leave the track in safety, and of foremen giving such notice, together with proof of the negligence of the foreman in failing to give warning to a trackman on an errand up the track, of an approaching train, as in this case, notwithstanding negligence of the foreman was not charged, is competent to show want of contributory negligence on the part of the deceased in walking on the track without looking for approaching trains, although possessed of all his senses.

4. CASE SHOULD BE SUBMITTED TO JURY, WHEN.

On a motion to direct a verdict for the defendant in an action for negligence against a railway company, the view most favorable to the plaintiff should be taken; and where the facts testified to are such that they cannot be said to admit of no rational inference but that of absence of negligence on the part

Ham v. Railway Co.

of the railroad company, or the presence of negligence on the part of the plaintiff's decedent, nor that plaintiff failed to furnish a scintilla of evidence on all essential points to sustain his claim, the case should be submitted to the jury.

**5.** NEGLIGENCE AFTER OBSERVING EMPLOYE ON TRACK—QUESTION FOR JURY.

Whether, notwithstanding the negligence of a trackman killed by a passing train while walking on a railroad track, in the line of his duty, the injury to him might have been avoided, by the exercise of ordinary care upon the part of the engineer thereof after observing, or after he should have observed the peril of deceased, is a question for the jury, the evidence being contradictory as to the engineers having been in a position to observe the deceased.

**Ham, Ham & Ham and Fuller & Handy,** for plaintiff in error, cited :

Verdict. Stewart v. Bridge Co., 8 Circ. Dec. 454 (15 R. 601) ; Grand Trunk Ry. v. Ives, 144 U. S. 408 (12 S. Ct. Rep. 679) ; Clark v. Stitt, 4 Circ. Dec. 51 (12 R. 759) ; Mendenhall v. Haven, 9 Circ. Dec. 609 (19 R. 685).

On the motion to direct a verdict. Wabash v. Skiles, 64 Ohio St. 458 (60 N. E. Rep. 571) ; Railroad v. Depew, 40 Ohio St. 121 ; Cleveland, C. C. & I. Ry. v. Elliott, 28 Ohio St. 340 ; Bellefontaine v. Snyder, 24 Ohio St. 670.

The evidence. Cleveland, C. C. & I. Ry. Co. v. Elliott, 28 Ohio St. 340, 351 ; Valin v. Railway Co., 51 N. H. 1084 (82 Wis. 1, 15 ; 33 Am. St. Rep. 17) ; Lake Shore & M. S. Ry. Co. v. Schultz, 9 Circ. Dec. 816 (19 R. 639) ; Lake Shore & M. S. Ry. Co. v. Ford, 9 Circ. Dec. 786 (18 R. 239) ; Snyder v. Railway Co., 60 Ohio St. 487 (54 N. E. Rep. 475) ; Schweinfurth v. Railway Co., 60 Ohio St. 215 (54 N. E. Rep. 89) ; Hauser v. Assel, 12 Circ Dec. 336 (21 R. 789).

Proximate cause. Pickett v. Wilmington & E. R. R. Co., 23 S. E. Rep. 264 (117 N. C. 616 ; 53 Am. St. Rep. 611) ; Sherman & Redfield Neg., Sec. 94; Beach Cont. Neg., p. 568 ; Railway Co. v. Kassen, 49 Ohio St. 230 (31 N. E. Rep. 282) ; Schweinfurth v. Railroad, 60 Ohio St. 215, 220, 223 (54 N. E. Rep 89) ; Railroad v. Murphy, 50 Ohio St. 135, 140 (33 N. E. Rep. 403) ; Snyder v. Railroad, 60 Ohio St. 487 (54 N. E. Rep. 475 ; Cincinnati, H. & D. Ry. v. Murphy, 10 Circ. Dec. 195 (18 R. 289); Lake Shore & M. S. Ry. Co. v. Ford, 9 Circ. Dec. 786 (18 R. 239) ; Lake Shore & M. S. Ry. v. Schade, 8 Circ. Dec. 316 (15 R. 424, 432) ; Milwaukee & S. P. R. R. v. Kellogg, 94 U. S. 469 ; Goodlander Mill Co. v. Oil Co., 63 Fed. Rep. 400 (27 L. R. A. 583, 586 ; 11 C. C. A. 253) ; Leavitt v. Bangor, 89 Me. 509 (36 L. R. A. 382, 383) ; Thompson Neg., 240 ; Louisville, N. A. & C. Ry. Co. v. Nitsche, 26 N. E. Rep. 51 (126 Ind. 229; 9 L. R. A. 750) ; Denver & R. G. Ry. v. Roller, 100 Fed. Rep. 738 (49 L. R. A. 79) ; Gurney v. Elevator Co., 65 N. W. Rep. 136 (63 Minn. 70 ; 30 L. R. A. 534, 535) ; Railway Co. v. Margrat, 51 Ohio St. 130, 140 (37 N. E. Rep. 11) ; Lonergan v. Railway Co., 49 N. W. Rep. 852 ; 53 N. W.

32 O. C. C. 13–23

Rep. 236 (87 Ia. 755 ; 17 L. R. A. 254, 257) ; Railway v. Murphy, 50 Ohio St. 135, 136, 141 (33 N. E. Rep. 403) ; Snyder v. Railroad Co., 60 Ohio St. 215, 230 (54 N. E. Rep. 270); Schweinfurth v. Railroad, 60 Ohio St. 215, 220 (54 N. E. Rep. 89).

Engineer's conduct.  Stewart v. Railway Co., 66 N. Y. Supp. 436 (54 App. Div. 623) ; Cincinnati, H. & D. Ry. v. Murphy, 9 Circ. Dec. 703 (17 R. 223, 228) ; Elliott v. Railway, 150 U. S. 245, 247 (14 S. Ct. Rep. 85) ; Rine v. Railway, 12 S. W. Rep. 640 (100 Mo. 228) ; Fideler v. Railway Co., 18 S. W. Rep. 847 (107 Mo. 645, 652).

Presumption that whistle would have saved the deceased.  Sherman & Redfield Neg., p. 805 ; Railway v. Margrat, *supra* ; Lake Shore & M. S. Ry. v. Ehlert, 10 Circ. Dec. 443 (19 R. 177, 184) ; Zimmerman v. Railway, 71 Mo. 476, 484 ; Karle v. Railway, 55 Mo. 476, 482.

The engineer was bound to use the same care toward one negligently trespassing as one rightfully on the track after he discovered him.  Sherman & Redfield, pp. 851, 853 ; Towles v. S. R. Co., 103 Fed. Rep. 405 ; Baltimore & Ohio Ry. v. State, 33 Md. 542 ; Cassida v. O. R. & N. Co., 13 Pac. Rep. 438 (14 Or. 551) ; Sherman & R., pp. 155, 850, 851, 788 ; Louisville & N. R. Co. v. Tinkham, 44 S. W. Rep. 439 (19 Ky. Law 1784) ; Lake Shore & M. S. Ry. v. Schade, 8 Circ. Dec. 316 (15 R. 424, 437); Guenther v. Railway Co., 18 S. W. Rep. 846 (108 Mo. 18) ; Texas & N. O. Ry. v. Brown, 39 S. W. Rep. 140 (14 Tex. Civ. App. 697); Matthews v. Railway Co., 63 Mo. App. 569; Boumeester v. Railway, 30 N. W. Rep. 337 (63 Mich. 557); Schlereth v. Railway Co., 19 S. W. Rep. 1134 (Mo.) ; Erickson v. St. Paul & D. R. Co., 43 N. W. Rep. 332 (41 Minn. 500; 5 L. R. A. 786, 787) ; Railway Co. v. Kassen, 49 Ohio St. 230 (31 N. E. Rep. 282) ; Seaboard R. R. Co. v. Joyner, 23 S. E. Rep. 773 (92 Va. 354) ; Sherman & R., pp. 155, 850.

It is not the law that the negligence must be gross or willful, but after the deceased was discovered, the engineer was bound to use ordinary care.  Boumeester v. Ry. Co., 30 N. W. Rep. 337 (63 Mich. 557) ; Erickson v. Railway Co., 5 L. R. A. 787n.; Guenther v. Railway Co., 18 S. W. Rep. 846 (108 Mo. 18); Railroad Co. v. State, 36 Md. 366; St. Louis S. W. Railway v. Bishop, 37 S. W. Rep. 764, 766 (14 Tex. Civ. App. 504); Hanlon v. Railway Co., 16 S. W. Rep. 233 (104 Mo. 381) ; Sanchez v. Railway Co., 30 S. W. Rep. 431 (88 Tex. 117) ; Missouri Pac. Railway Co. v. Weisen, 65 Tex. 443; Schlereth v. Railway Co., 19 S. W. Rep. 1134 (Mo.) ; Louisville & N. Ry. Co. v. Morlay, 86 Fed. Rep. 240 (30 C. C. A. 6): Sherman & Redfield, p. 855 ; Beach Cont. Neg., p. 278 ; Thompson Neg., 1157 ; Kerwhacker v. Railroad, 3 Ohio St. 172 (62 Am. Dec. 246); Railway Co. v. Kassen, 49 Ohio St. 230, 238 (31

N. E. Rep. 282); Lake Shore & M. S. Ry. v. Reynolds, 13–23 O. C. C. 199, 201 (Ohio Law Bulletin, March 10, 1892).

The presumption that one will leave the train is one of fact and not of law. St. Louis S. W. Ry. Co. v. Bishop, *supra*; Cincinnati, H. & D. Ry. v. Murphy, 10 Circ. Dec. 195 (18 R. 298, 303); Boumeester v. Railroad Co., *supra*; Hanlon v. Railroad Co., 16 S. W. Rep. 233 (104 Mo. 381); Sanchez v. Railway Co. 30. S. W. Rep. 431 (88 Tex. 117); Fiedler v. Railroad Co, 18 S. W. Rep. 847 (107 Mo. 645, 652); Galveston City Ry. Co. v. Hewitt, 67 Tex. 473 (60 Am. Rep. 32, 36); Sherman & R., p. 851; Beach Cont. Neg., p. 568; Stewart v. Railway Co., 66 N. Y. Supp. 436 (54 App. Div. 623); Sherman & R., Secs. 100, 483; Frazer v. Railroad Co., 1 So. Rep. 85 (81 Ala. 185; 60 Am. Rep. 145, 150).

And to charge the engineer with the duty of sounding the whistle or taking other precautions it is not necessary that he should absolutely know that the person is in danger. Sherman & R. pp. 153, 853; Baumeester v. G. R. I. R. Co., *supra*; St. Louis S. W. Ry. Co. v. Bishop, *supra*; Missouri Pac. Ry. Co. v. Weisen, 65 Tex. 443.

It is ordinarily the duty of the engineer to blow the whistle. Sherman & R., p. 786; Louisville & N. R. Co. v. Tinkham, 44 S. W. Rep. 439 (19 Ky. Law Rep. 1784).

If the engineer had time, it was his duty to have increased his care and diligence after he perceived that the first warning was not heeded. It seems it was his duty to have sounded the whistle if he perceived the deceased apparently did not heed the bell. Sherman & R., p. 850; Stewart v. Railroad Co., 66 N. Y. Supp. 436 (54 App. Div. 623); Mathews v. Railroad Co., 63 Mo. App. 569; Louisville & N. R. Co. v. Morlay, 86 Fed. Rep. 240 (30 C. C. A. 6); St. Louis S. W. Ry. Co. v. Bishop, *supra*; Erickson v. Railway Co., 43 N. W. Rep. 332 (41 Minn. 500; 5 L. R. A., 786, 787); Baumeester v. Railroad Co., *supra*; Louisville & N. R. R. Co. v. Morlay, 86 Fed. Rep. 240 (30 C. C. A. 6).

The fact that the deceased paid no heed apparently to the bell, made it the absolute duty of the engineer to sound the whistle. Sherman & R., p. 155; Baumeester v. Railway Co., *supra*; Louisville & N. R. Co. v. Morlay, *supra*; Erickson v. Railroad Co., *supra*; Louisville & N. Ry. Co. v. Tinkham, 44 S. W. Rep. 439 (19 Ky. Law Rep. 1784); Sanchez v. Railway Co., *supra*; Beach Cont. Neg., p. 568; Fiedler v. Railroad Co., 18 S. W. Rep. 847 (107 Mo. 645, 652), Sherman & Redfield, pp. 786, 850; Cincinnati, H. & D. Ry. Co. v. Murphy, 10 Circ. Dec. 195 (18 R. 298, 303).

As to the presumption that deceased would leave the track. St. Louis S. W. Ry. Co. v. Bishop, *supra*; Dunkman v. Railway Co., 4 S. W. Rep. 670 (94 Mo. 232, 245); Lake Shore & M. S. Ry. Co. v. Schade,

8 Circ. Dec. 316 (15 R. 424, 437); Lake Shore & M. S. Ry. Co. v. Ehlert, 10 Circ. Dec. 543 (19 R. 177, 184); Railway Co. v. Margrat, 51 Ohio St. 130, 140 (37 N. E. Rep. 11); Cincinnati, H. & D. Ry. Co. v. Murphy, *supra*; Sherman & R. Neg., Sec. 100.

There is always present the presumption that one will abide the instincts of self preservation. So then be the evidence as it may, John Broughten endowed with the instinct of self preservation, is killed, and that fact is the strongest evidence, that he did not know the train was coming. Sherman & R. Neg., p. 172.

Wilfullness. Pittsburgh, C. C. & St. L. Ry. Co. v. Kelly, 5 Circ. Dec. 662 (12 R. 341); Bailey Master's Liability, p. 414; Beach Cont. Neg., Sec. 64; Railway Co. v. Depew, 40 Ohio St. 121; Driscoll v. Railway Co., 1 Circ. Dec. 274 (I. R. 493); Sherman & Redfield, p. 484; Pittsburgh, C. C. & St. L. Ry. Co. v. Kelly, 5 Circ. Dec. 662 (12 R. 341); Beach Cont. Neg., p. 102.

Where an intention to commit an injury exists, whether the intention be actual or constructive only, the wrongful act ceased to be a mere negligent injury, and becomes one of violence or aggression. Bailey Master's Liability, p. 414; Cincinnati, H. & D. Ry. Co. v. Murphy, 9 Circ. Dec. 703 (17 R. 223, 232); Cincinnati, H. & D. Ry. Co. v. Murphy, 10 Circ. Dec. 195 (18 R. 298, 303).

Immaterial that there was a rule which was violated or proper rules not made. Lake Shore & M. S. Ry. Co. v. Murphy, 50 Ohio St. 135, 143 (33 N. E. Rep. 403).

Fellow servant. Railroad Co. v. Margrat, *supra*.

The fact that there was or was not unusual noises or causes affecting one's hearing is material. Lake Shore & M. S. Ry. Co. v. Murphy, *supra*.

Evidence of speed. Baltimore & O. Ry. Co. v. Stoltz, 9 Circ. Dec. 638 (18 R. 93); Baltimore & O. Ry. Co. v. Stoltz, 62 Ohio St. 631 (58 N. E. Rep. 1101); Boumeester v. Railway Co., *supra*; St. Louis Ry. Co. v. Bishop, *supra*; Hanlon v. Railway Co., *supra*.

The following cases are practically analogous with the case at bar. Sanchez v. Railway Co., *supra*; Erickson v. Railway Co., *supra*; Railway Co. v. Hogarth, 38 Ill. 374; Railway v. State, 36 Mo. 366; Fiedler v. Railroad Co., *supra*; Missouri Pac. Ry. Co. v. Weisen, 65 Tex. 443; Schlereth v. Railway Co., *supra*; Louisville & N. Ry. v. Morlay, *supra*.

E. D. Potter, for defendant in error.

HEARD ON ERROR.

PARKER, J.

The action in the court below was to recover on account of the death of John Broughton caused by his being run down by a passenger train of the railroad company.

Deceased was a section man at work with several other men on the track under the orders and charge of a section boss or foreman. Immediately before his death he had been placing wooden plugs in holes in ties, which holes were caused by the drawing of spikes therefrom by another workman. The foreman, located about thirty feet to the eastward of deceased on the same track, the direction of which was substantially east and west, directed deceased to fetch a tool which was lying north of but near to the track, about two hundred feet to the eastward of deceased; whereupon deceased quit his work of so placing plugs, stepped from his position just north of the north rail of the track to a position between the rails, and proceeded eastward to fetch the tool, passed the foreman and reached a point from 150 to 200 feet farther east when the passenger train from the west, running at a rate of from twenty. to thirty miles an hour, overtook, struck and killed him.

There was a strong cold wind blowing on a course at substantially right angles to the track, and in walking deceased carried his head inclined to one side, evidently to protect himself somewhat from this wind. The running of the train did not make a great deal of noise. The bell on the locomotive was rung automatically and continuously, and was heard by other workmen in the vicinity. The whistle was not blown, and there was testimony to the effect that no other warning of the approach of the train than the ringing of the bell was given by the enginemen, and that no warning or caution was given by the foreman or any one else. The track was straight, and the day was clear, so that deceased by looking could have seen the approaching train a long distance to the westward. He was in full possession of his senses of hearing and seeing, but he seemed to be totally oblivious to his peril.

The negligence charged was that of the enginemen in failing to give a danger signal in time to warn deceased from the track, and in failing to stop or retard the progress of the train to enable him to escape Wantonness as well as negligence in this regard was charged against the enginemen, in that he failed to take some precaution after he discovered the position and peril of deceased.

The answer denied all negligence on the part of the company, and alleged contributory negligence on the part of deceased.

On the trial, after plaintiff rested, on motion of defendant, the court directed the jury to return a verdict for defendant, which was done, and upon this verdict judgment was entered against the plaintiff.

Whether this was erroneous is the question submitted to this court.

The engineer, called as a witness by plaintiff, testified that as he approached the point where deceased was struck he saw this gang of men at work upon the track, and as he came near to them, but before he

reached them, and before any of them had made any movement to quit the work, his attention was drawn from them to something about his engine which was out of order and needed fixing. That he proceeded to fix this part of his engine, and did not see any one on the track who seemed to be unaware of the approach of the train, and did not know that he had struck deceased until he had reached Toledo, some thirty miles to the eastward, when he was informed of the fact by the division claim agent of the company.

One Smith, a witness for the plaintiff, one of this gang of trackmen, testified that he was near the foreman when the order was given to deceased to go after the tool; also when deceased passed the foreman on his way to fetch the tool and was about 200 feet to the westward of deceased when the train struck the latter. He testified that he stepped off the track to the southward to let the train pass him, and that as the locomotive passed him the engineer sat in his place on the right side of the cab looking straight ahead out of the window. If the engineer was in that position it is obvious that he could not have well avoided seeing deceased upon the track as he approached him.

There was testimony tending to show that for many years the custom had obtained and was observed by trackmen thus at work under a foreman of depending upon the latter to give them warning of approaching trains in time to enable them to leave the track before their arrival, and of foremen giving such warning. No rule for giving such notification was introduced in evidence, and negligence on the part of the foreman in failing to give such warning, or in any respect, was not charged. The use which plaintiff sought to make of the evidence of this custom, and of the failure of the foreman to give the warning on this occasion, was to excuse any negligence that might otherwise be imputed to deceased because of his thus working on the track. Baltimore & O. Ry. Co. v. Whitacre, 35 Ohio St. 627; Pennsylvania Co. v. Mahoney, 12 Circ. Dec. 366 (22 R. 469).

There was also testimony tending to show that under like circumstances it was customary for the trackmen to walk upon the track.

We are of the opinion that under the circumstances of this case as disclosed by the evidence, the question, first, whether the railroad company was guilty of negligence charged; secondly, whether deceased was guilty of contributory negligence, and, thirdly, whether notwithstanding any negligence of which deceased may have been guilty the injury to him might have been avoided by the exercise of ordinary care upon the part of the engineer of the train after he observed the peril of deceased, or by the exercise of ordinary care should have observed it (Lake Shore & M. S. Ry. Co. v. Schade, 8 Circ. Dec. 316 (15 R. 424);

Railway Co. v. Schade, 57 Ohio St. 650 ; 50 N. E. Rep. 113) were mixed questions of law and fact, and under proper instructions as to the rules of law applicable should have been submitted to the jury.

Taking the view of the testimony most favorable to the plaintiff, as required on a motion to direct a verdict against him, we think it cannot fairly be said that the facts testified to admit of no rational inference but that of absence of negligence on the part of the railroad company, or the presence of negligence on the part of deceased; nor that the plaintiff failed to furnish a scintilla of evidence on all essential points to sustain his claim.

Upon the question whether the engineer saw deceased upon the track in a place of peril and apparently oblivious to his peril, in time to have given a danger signal and stopped or retarded the speed of the train so as to have enabled deceased to escape, the testimony of the witness, Smith, in connection with circumstances shown, furnished some evidence in support of plaintiff's contention, so that it should have been submitted to the jury.

Whether deceased might walk upon the track without being guilty of negligence that would defeat a recovery (except under circumstances indicated in third point above stated), might depend upon various circumstances, as, for instance, the duty in which he was engaged, the distance he had to go, the immediate presence or absence of the foreman under whom he was working, the rules or customs in force as to the foreman keeping watch for and giving warning to the workmen under these and similar conditions, the practice of trackmen to walk upon the track in like cases, and other circumstances bearing upon the question of prudence or lack thereof on the part of deceased. The circumstances shown do not present a case of negligence *per se*, but present a question to be submitted to a jury.

The case of Wabash Railroad v. Skiles, 64 Ohio St. 458 (60 N. E. Rep. 576), very much relied on by counsel for defendant in error, did not present the element of one at work under the supervision and care of a foreman, but was the case of one who was bound to watch and care for himself.

We think there was some testimony here that tended to show that deceased had a right to rely to some extent upon the vigilance of the foreman in his behalf, and that the cases of Lake Shore & M. S. Ry. Co. v. Lavalley, 36 Ohio St. 221, and Railway Co. v. Murphy, 50 Ohio St. 135, 142 [33 N. E. Rep. 403], are more nearly in point on this question of contributory negligence.

Manifestly one sent on an errand so far down the track that he cannot be said to be engaged in the particular work the foreman is oversee-

ing, or longer under the immediate direction and care of the foreman, must rely upon his own senses for safety, and cannot depend upon the watchfulness and care of his foreman. So, too, if in an unusual and unnecessary way and without specific direction to do so, he goes into a place of peril, he cannot excuse his being there on the ground that he was about his master's business in pursuance of an order of a superior. But one may be under the supervision and entitled to the care of the foreman if he is in his immediate presence and but a few rods away, and may, we think, be excused and exonerated from a charge of negligence if under such circumstances he occupies momentarily a place of danger, though not absolutely required to do so by the work in hand, if he proceeds, in the usual and customary manner, and under the eye of his foreman, without any caution or sign of disapproval from the latter. This record presents a situation where, in our judgment, reasonable minds may differ as to the inference or conclusion whether of negligence or lack thereof to be drawn therefrom. At all events we are clear that the court was not authorized to say as a matter of law, as it did by its ruling, either that defendant below was not guilty of negligence, or that the deceased was guilty of contributory negligence, and therefore the judgment will be reversed.

## WILLS.

[Auglaize (3d) Circuit Court, 1902.]

Day, Norris and Parker, JJ.

(Judge Parker, of the sixth circuit, sitting in place of Judge Mooney.)

WILLIAM HALLEY ET AL. V. JOSEPH HENGSTLER AND SOPHIA HENGSTLER.

1. PURPOSE AND EFFECT OF SEC. 5968, REV. STAT.

The purpose and effect of Sec. 5968, Rev. Stat., as to construction of devises for life limited to heirs, was to abrogate the rule in Shelley's case as to wills, and not to establish a hard and fast rule of construction that must resolve all doubtful cases into devises of estates for life with remainder over; it leaves courts the liberty to give controlling effect to the intention of the testator.

2. TERM "HEIRS" CONSTRUED.

"Heirs" is a technical legal term, and in its primary use and meaning is a word of limitation defining an estate of inheritance, and not the word of purchase, designating a person or class of persons upon whom an estate shall devolve by force of the instrument in which it is used; and while its use in wills is flexible, it is to be given its strict technical meaning therein unless from the context or other aids of construction it appears clearly that it was not so intended.

3. DEVISE CONVEYING ESTATE IN FEE SIMPLE.

A devise to two devisees of certain lands of testator "to be equally divided between them, and to their heirs at their death" conveys the fee to the